UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
EUGENE LOWE,

                Plaintiff,

    -against-

CUSA, LLC, d/b/a THE DOUBLETREE
HOTEL & SUITES, TARRYTOWN, and
RICH FRIEDMAN, as General Manager
of Doubletree Hotel,

                Defendants.
------------------------------------------------------x

**ECF CASE**

Docket No.: 09 Civ 7766(SCR)(GAY)

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO QUASH SUBPOENAS DUCES TECUM
## AND FOR A PROTECTIVE ORDER

Respectfully submitted,

The Law Office of
**GOODSTEIN & ASSOCIATES**
*Attorneys For Plaintiff*
270 North Avenue, Suite 410
New Rochelle, New York 10801
(914) 632-8382

On the Brief:
Paula Johnson Kelly, Esq.  (PJK 8889)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................... iii

PRELIMINARY STATEMENT ................................................. 1

ARGUMENT ................................................................ 1

    POINT I

        A. Background ................................................... 1

        B. The Subpoenas ............................................... 4

        C. The Applicable Law ........................................... 6

    POINT II

        PLAINTIFF"S MOTION TO QUASH THE
        SUBPOENAS SHOULD BE GRANTED ............................ 8

        A. Plaintiff Has Standing To
           Oppose The Subpoenas ........................................ 8

        B. Defendants Cannot Show Relevance Of The
           Extensive Discovery Sought By The Subpoenas ................. 8

        C. Defendants Have Not Met Their Burden To
           Establish A Right To The Discovery ............................ 10

    POINT III

        NON-PARTY JOAN GEORGE'S MOTION TO
        QUASH THE SUBPOENAS SHOULD BE GRANTED ................ 11

        A. Ms. George Has Standing To
           Oppose The Subpoenas ....................................... 11

        B. Defendants Cannot Show Relevance Of The
           Extensive Discovery Sought By The Subpoenas ................ 11

        C. The Subpoenas Impose A Burden On
           Non-Party Ms. George ....................................... 12

POINT IV

    IF NOT QUASHED, ALL OF THE SUBPOENAS
    SHOULD BE MODIFIED .......................................... 13

CONCLUSION ................................................................. 14

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                     **Page(s)**

Apex Oil Co. v. DiMauro,
    110 F.R.D. 490 (S.D.N.Y.1985) .................................. 8

Catskill Dev. LLC v. Park Place Entertainment Corp.,
    206 F.R.D. 78 (S.D.N.Y. 2002) .................................. 11

Condit v. Dunne,
    225 F.R.D. 100 (S.D.N.Y.2004) .................................. 7

Dunkin' Donuts Franchised Restaurants LLC v. Grand Central Donuts, Inc.,
    2009 WL 973363 (E.D.N.Y. April 09, 2009) ........................ 8

Estate of Ungar v. Palestinian Authority,
    332 Fed.Appx. 643, 2009 WL 1298530 (CA 2d NY May 12, 2009) ......... 10, 11

Flag Telecom Holdings, Ltd., Sec. Litig.,
    2006 WL 2642192 (S.D.N.Y. Sept. 13, 2006) ....................... 8

In re: Fosamax Products Liability Litig.,
    2009 WL 2395899 (S.D.N.Y. Aug. 4, 2009) ...................... 8, 13

In re: Intitial Pub Offering Secs, Litig.,
    220 F.R.D. 30,36 (S.D.N.Y. 2003) ............................... 8

In re: Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation
    --- F.R.D. ----, 2010 WL 3292687 (SAS), (S.D.N.Y., August 19, 2010) ...... 8

In re: Six Grand Jury Witnessess,
    979 F.2d 939 (2d Cir. 1992) .................................... 7

Insulate America v. Masco Corp.,
    227 F.R.D. 427 (W.D.N.C.2005) ................................. 7

Ireh v. Nassau Univ. Medical Center,
    2008 WL 4283344 (E.D.N.Y. Sept. 17, 2008) ....................... 8

Melendez v. Greiner,
    2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003) ....................... 7

Mirkin v. Winston Res., LLC,
    2008 WL 4861840 (S.D.N.Y. Nov. 10, 2008) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Solow v. Consco, Inc.,
    2008 WL 190340 (S.D.N.Y. Jan.18, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Warnke v. CVS Corp.,
    265 F.R.D. 64 (E.D. NY Feb. 24, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

**STATE CASES**                                                              **Page(s)**

Brodsky v. New York Yankees,
    891 N.Y.S.2d 590 (N.Y.Sup.,July 29,2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Matter of Carvel Corp. v. Lefkowitz,
    77 A.D.2d 872, 431 N.Y.S.2d 615 (2nd Dept.1980) . . . . . . . . . . . . . . . . . . . . . . . . 10

Rueters Ltd v. Dow Jones Telerate, Inc.,
    231 A.D. 2d 337, 662 N.Y.S. 2d 450 (1st Dept. 1997). . . . . . . . . . . . . . . . . . . . . . 10

## PRELIMINARY STATEMENT

Plaintiff, EUGENE LOWE, by his attorneys, and non-party Ms. Joan George, jointly submit this Memorandum of Law and accompanying Affidavits and exhibits in support of their instant motion to quash Defendants' subpoenas *duces tecum* and/or for a protective order, pursuant to Fed. R.Civ.P. Rules 45(c)(3) and 26(C).

Defendants have served two sets of subpoenas *duces tecum* to non-parties to (1) obtain pre- and post-Defendant employment records on Plaintiff and (2) to obtain unlimited financial information and banking records on both Plaintiff and Ms. George. All are returnable October 29, 2010, the Court ordered deadline for discovery in this action.

Plaintiff and Ms. George, jointly and severally, move to quash these subpoenas on the grounds of relevance and infringement on the privacy rights of Ms. George, who is not a party to this action, or, in the alternative, for a protective order.

## ARGUMENT

### POINT I

**A.   BACKGROUND**[1]

The basic issue in this case is whether Defendants discriminated against Plaintiff when they: (1) failed to promote Plaintiff in August 2008 from Assistant Director for Loss Prevention to Director for Loss Prevention instead of promoting Caucasian Security Officer Nick McEachern; and

---

[1] The facts and procedural background are taken from the Affidavits and Exhibits annexed to the Affirmation of Paula Johnson Kelly, Esq., submitted in support of the instant motion.

-1-

(2) demoted Plaintiff from his salaried Assistant Director for Loss Prevention position back to a hourly Security Officer under the supervision of Director McEachern, with a decrease in salary, because of his African-American race.

As one of his damages, Plaintiff claims lost wages as a result of Defendants' discriminatory conduct. Plaintiff claims he lost wages both as a result of his constructive discharge from his demoted, lower hourly salary position with Defendants in September 2008 and from his being required to resign his full time day employment when Defendants switched Plaintiff from the evening shift to the morning shift. Aside from a short-term employment position in 2009, Plaintiff was unable to find replacement work until March 2010.

During the course of discovery in this action, Plaintiff has responded to and supplied documentation on Plaintiff's earned income since the severance of his employment as requested by Defendants. On June 4, 2010, I.R.S. Tax Form W2s for 2008 and 2009, confirming Plaintiff's income since his employment with Defendant ended, were forwarded to Defendants' counsel in response to Defendants' document demands. Moreover, Plaintiff's Supplemental Interrogatory Responses, dated July 8, 2010, also answered Defendants' question (#15) concerning Plaintiff's earned income in the year of (2008) and since (2009) the severance of Plaintiff's employment. During defense counsel's July 30, 2010 deposition of Plaintiff, Plaintiff confirmed that: (1) his only job in 2009 was working one month in the commissary at the Westchester County Jail from which he was terminated for budget cuts (Tr. p. 205); (2) he did not receive any other income since September 2008 that he did not report (Tr. p. 207); (3) he did not collect unemployment insurance benefits because, as he was told, he was not eligible since he had resigned his position with defendant (Tr. p. 207); and (4) he started working again in March 2010. (Tr. p 207)

Therefore, if Defendants are truly now searching to confirm through these non-party's documentation Plaintiff's earned income for Plaintiff's lost wages claim, the relevant time frame would be from Plaintiff's September 2008 discharge until his March 2010 replacement.

Plaintiff also responded to defense counsel's deposition questions about Ms. Joan George, Plaintiff's girlfriend. Plaintiff testified: (1) Ms. George lived with Plaintiff while Plaintiff was employed by Defendants (Tr. p. 36); and they continue to live together in a house owned by Ms. George's aunt (Tr. p. 216); that Plaintiff and Ms. George had one joint bank account at Union State Bank, which no longer exists (Tr. p.43); and that Ms. George has her own checking account with Commerce, now called TD Bank (Tr. p. 47). Plaintiff also responded to defense questions concerning Ms. George's employment history, stating Ms. George was the Assistant Branch Manager for Key Bank for seven years ((Tr. p. 37-38) but now works for WARC, a facility in Westchester for mentally challenged children. (Tr. p. 37)

Defense counsel also deposed Plaintiff about his finances, specifically Plaintiff's bank accounts. Plaintiff responded that: (1) at the time he commenced working for Defendant at Doubletree in September 2007, he had an account with Union State Bank (Tr. p. 40); (2) while working at Doubletree, he changed his direct deposit from Union State Bank to a new, individual account set up in Commerce Bank in October 2007, (Tr. p. 41, 42, 43); (3) his individual account at Union State Bank was closed by the Bank (Tr. p. 43); (4) his individual account at Commerce Bank was closed by the Bank a few months after he left Doubletree (Tr. p. 44, 45); (5) his individual account with Chase Bank was closed by the Bank about the same time as the other bank accounts ((Tr. p. 46-47); (6) on May 17, 2010, Plaintiff opened a credit union savings account with Westchester Federal Credit Union. (Tr. p. 44, 45-46); and Plaintiff does not currently have a

checking account with any financial institution (Tr. p. 46, 216-217), the last being with Commerce Bank (Tr. p. 46). Plaintiff also responded that he does not have a car payment (Tr. p. 216) and he does not have any credit cards (Tr. p. 216), nor does he have any life or health insurance.(Tr. p. 216)

Although notified on July 8, 2010 of Ms. George as a witness with pertinent knowledge, defense counsel, however, chose not to depose Ms. George.

**B.   THE SUBPOENAS**

(A.) For Employment Records:

Upon information and belief, on or about September 29, 2010, defense counsel served overly broad Subpoenas *decus tecum* seeking irrelevant information from Securitas Security Services, Aramark Food and Support Services Group, Inc. and Aramark Correctional Services, requesting:

> The complete personnel file of Eugene Lowe, including documents showing (a) dates of employment; (b) positions held; (c) promotions, demotions or transfers given; (d) salaries received, including payroll records showing Mr. Lowe's weekly salaries; (e) any disciplinary action taken; (f) performance evaluations, whether formal or informal; (g) attendance records; and (h) severance of employment and reasons therefore.". (Exhibit 4).

Defendants' first employment subpoena is to Securitas Security Services, Inc. (Exhibit #4-A), Plaintiff's employer prior to and during Plaintiff's employment with Defendants (Exhibit #6, Tr. p. 10-11). While employed by Securitas as a Security Supervisor, Plaintiff was assigned to work at Westchester Community College (WCC). Until August 2008, Plaintiff's full-time hours at WCC were from 6:00 a.m. to 2:00 p.m., while his hours at Defendant were 4:00 p.m. to 12:00 midnight. (Tr. p. 10-11) Plaintiff only left his position at Securitas because of the shift in his hours by Defendants and before he became aware of his demotion by Defendants. Therefore, the only relevant

information from this <u>prior</u> employer would be (1) the date Plaintiff's employment ended, (2) the reason the employment ended, and (3) Plaintiff's salary at that time. However, with knowledge of this prior employment, Defendants never sought discovery until the service of the subpoena.

As Plaintiff's W2 provided to Defendants shows, Plaintiff was only employed by Aramark Food & Support Services, Agent for Aramark Correctional Services, LLC (Exhibit #7) for approximately one month in 2009, working in the Commissary at the Westchester County Jail before being terminated for budget cuts (Tr. p. 205). Therefore, the only relevant information from this <u>post</u>-employer would be for mitigation purposes: (1) the dates of Plaintiff's employment and (2) the reason that employment ended. However, the W2 established Plaintiff's earnings.

Accordingly, it is evident that only limited items of the employment records subpoenaed by Defendants from both the prior or post-employer are even relevant. Clearly Defendants' subpoenas are overly broad and should be, at a minimum, modified to eliminate the requests for all other irrelevant information.

(B). <u>For Personal Financial Banking Records</u>

Defendants' next set of subpoenas attempt to obtain financial records from three (3) banks: JP Morgan Chase Manhattan Bank, TD Bank, and Key Bank, and Plaintiff's recent credit union. Once again the overly broad boilerplate subpoenas seek:

> Any and all records related to an account maintained by [Eugene Lowe or Joan George] from August 2008 to the present, including documents constituting or relating to the following: cancelled checks; deposit orders; deposit tickets; withdrawal tickets; money orders; wire transfers; account statements, records, and ledgers; documents relating to the opening and closing of an account; and other financial records pertaining to same."

(Exhibit #5)

While notice of the service of these subpoenas was received by Plaintiff's counsel, **Defendants never noticed non-party Ms. Joan George that Defendants were attempting to breach her privacy and obtain her personal financial records.**

Although Plaintiff testified that he and Ms. George had, at one time, <u>one</u> joint bank account with Union Bank, Defendants attempt to obtain the private records of Ms. George's individual accounts and the records from Plaintiff's credit union account just set up in May 2010, after Plaintiff had commenced replacement employment, under the guise that Defendants are trying to "confirm" Plaintiff's discovery responses and "verify" that Plaintiff did not deposit "income" into Ms. George's account.

Even a cursory review of Defendants' subpoena production demands show them to be overly broad, to not be limited in scope or time, to request irrelevant information, or information that can be or has been obtained from other less invasive sources, and to seek private and personal information of a non-party to this action. What these subpoenas show is that Defendants are on a fishing expedition to see what evidence they might locate at this eleventh plus hour of discovery.

Accordingly, for these reasons, as more specifically delineated hereinafter, Plaintiff and Ms. George move this Court to quash and/or for a protective order against all of Defendants' subpoenas.

## C. THE APPLICABLE LAW

The Federal Rules of Civil Procedure permit parties in a civil action to obtain non-privileged, relevant matter from both parties and non-parties. Fed.R.Civ.P. 26(b) Rule 34 directs production from a party to another party, while Rule 45 outlines the procedures by which a party may issue a subpoena seeking discovery from a non-party. However, the Federal Rules also provide protection

for both parties and non-parties from whom discovery is sought. Initially, Rule 26(b)(1) specifically limits the scope of discovery to "any nonprivileged matter that is relevant to the claim or defense of any party". Rule 45(c)(3)(A)(iii) permits a Court to quash or modify a subpoena if it "requires the disclosure of privileged or other protected matter, if no exception or waiver applies." (See 1991 Advisory Committee Note to Rule 45 ("Paragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power. It replaces and enlarges on the former subdivision (b) of this rule and tracks the provisions of Rule 26(c).") Similarly, Rule 26(c) authorizes Federal Courts to issue protective orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by either forbidding the discovery or by forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery . See also Insulate America v. Masco Corp., 227 F.R.D. 427, 432 (W.D.N.C.2005) ("A non-party ... may seek from the court protection from discovery by the overlapping and interrelated provisions of Rules 26 and 45").

As a threshold matter, the evidence sought must be relevant and non-privileged. Because relevant evidence carries a presumption of admissibility, the burden of proof for a Rule 26(c) order rests with the party seeking protection. See Condit v. Dunne, 225 F.R.D. 100, 106 (S.D.N.Y.2004). Generally, discovery is only limited when " 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant,' " or privileged. Melendez v. Greiner, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003),(quoting In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir.1992)).

In analyzing motions to quash and/or for a protective order, "courts weigh the need of the party seeking the discovery against any undue hardships created by permitting it." In re Fosamax

Products Liability Litig., No. 06 Civ. 1789, 2009 WL 2395899, at *2 (S.D.N.Y. Aug. 4, 2009) (citing In re Initial Pub. Offering Secs. Litig., 220 F.R.D. 30, 36 (S.D.N.Y.2003);In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation ,--- F.R.D. ----, 2010 WL 3292687 (SAS), (S.D.N.Y., August 19, 2010);  Apex Oil Co. v. DiMauro, 110 F.R.D. 490, 496 (S.D.N.Y.1985).

## POINT II

### Plaintiff's Motion To Quash The Subpoenas Should Be Granted

A. Plaintiff Has Standing To Oppose The Subpoenas

Defendants cannot dispute that Plaintiff has standing to move to quash the non-party subpoenas issued to obtain his employment and financial records since standing to quash a non-party subpoena exists where a plaintiff asserts a legitimate privacy interest in the information sought. See Warnke v. CVS Corp., 265 F.R.D. 64, (E.D. NY Feb. 24, 2010); Dunkin' Donuts Franchised Restaurants LLC v. Grand Central Donuts, Inc., 2009 WL 973363 (E.D.N.Y. April 09, 2009)(finding defendant had sufficient privacy interest in confidentiality of his financial affairs to have standing to challenge subpoena); Mirkin v. Winston Res., LLC, No. 07 Civ. 02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008); Ireh v. Nassau Univ. Medical Center, No. CV 06-09, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008); In re Flag Telecom Holdings, Ltd., Sec. Litig., No. 02 Civ. 3400, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006)(finding party had standing to challenge subpoena for party's financial records). Plaintiff has a legitimate privacy interest in information regarding his prior and subsequent employment and his banking records. Therefore, Plaintiff has standing to bring the instant motion. See Warnke, 265 F.R.D. at 66 (citing Mirkin v. Winston Res., LLC, ).

B. Defendants Cannot Show Relevance Of The Extensive Discovery Sought By The Subpoenas

The extensive information requested in the subpoenas is neither relevant to claims or

defenses nor reasonably likely to lead to relevant evidence. Moreover, the broad language contained in all of the subpoenas would indicate that Defendants are seeking documents related to something other than Defendants' mitigation defense, which would be relevant. Furthermore, the requested financial information is not relevant since Plaintiff already produced copies of his W2s showing his income for 2008 and 2009.

Here defense counsel claim they issued the financial subpoenas into Plaintiff's and his girlfriend's individual bank accounts to verify Plaintiff's discovery responses and deposition testimony regarding Plaintiff's lack of income during the period following Plaintiff's constructive discharge. However, it is unclear how all the financial records they seek are even relevant to defend against Plaintiff's claim of lost wages, or how these records will lead to the discovery of admissible evidence at this late date when discovery (including depositions) is now complete, or how Defendants hope to reduce the information they do receive to a form admissible at trial.

Furthermore, the overly broad boilerplate subpoenas for Plaintiff and Ms. George's financial records are not limited in time since they seek documentation from August 2008 (a time when Plaintiff was still employed by Defendants) to the present, even though Defendants have long had notice and documentary evidence that Plaintiff has been employed since March 31, 2010. The subpoenas are also not limited in scope as they seek documents or information that are neither relevant to Plaintiff's lost wages claim nor to Defendants' mitigation defense.

Similarly, Defendants' employment subpoenas seeking pre- and post- employment records fall far outside the relevant issue of mitigation. Clearly, Plaintiff's pre-employment with Securitas cannot be relevant to mitigation. While post-employment may be relevant, Defendants' request for Plaintiff's "complete personnel file", "performance evaluations", "payroll records showing weekly salaries", "any disciplinary actions taken"and "attendance records" have no relevance to Plaintiff's

lost wages claim or Defendants' mitigation defense. Moreover, Plaintiff has supplied his W2 for this employer.

C. Defendants Have Not Met Their Burden to Establish A Right to the Discovery

Even if the discovery sought by Defendants' subpoenas is found to be relevant, the Court must still weigh Defendants' right to obtain that discovery against the burden that will be imposed upon Plaintiff. Mirkin v. Winston Res., LLC, No. 07 Civ. 02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008) Moreover, even if the discovery sought were relevant, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c).

Here Defendants have yet to meet their burden to establish that they have a right to the extensive discovery sought by these subpoenas. Defendants merely assert that they seek to verify Plaintiff's answers. There is no claim that the information is not accessible from a less oppressive or probative source. In fact, Defendants do not even claim that they do not already have the relevant information from either documentary evidence or deposition evidence.

Clearly, the broad policy favoring the production of information should not serve as an excuse to permit Defendants to misuse the subpoena power "as a tool of harassment or for the proverbial 'fishing expedition' to ascertain the existence of evidence." Brodsky v. New York Yankees, 891 N.Y.S.2d 590, 599-600 (N.Y.Sup.,July 29,2009)(citing Reuters Ltd. v. Dow Jones Telerate, Inc., 231 A.D.2d 337, 342, 662 N.Y.S.2d 450 (1st Dept.1997)); Matter of Carvel Corp. v. Lefkowitz, 77 A.D.2d 872, 431 N.Y.S.2d 615 (2nd Dept.1980). See, also, Estate of Ungar v. Palestinian Authority, 332 Fed.Appx. 643, 2009 WL 1298530 (C.A.2 (NY May 12, 2009).

Accordingly, as the importance of the excessive documents requested to the issues in this litigation is seriously in question, and Defendants have not shown an entitlement to these documents,

the harassing misuse of the subpoena power should not be permitted and the subpoenas should be quashed.

## POINT III

### Non-Party Joan George's Motion To Quash The Subpoenas Should Be Granted

A. <u>Ms. George Has Standing To Oppose The Subpoenas</u>

Non-parties also have standing to move to quash subpoenas directed to other non-parties where a privilege or personal right is implicated. See e.g. <u>Estate of Ungar v. Palestinian Authority</u>, 332 Fed.Appx. 643, 2009 WL 1298530 at *(C.A.2 (NY May 12, ,2009); <u>Solow v. Consco, Inc.</u>, No. 6-5988, 2008 WL 190340, at *5 (S.D.N.Y. Jan.18, 2008); <u>Catskill Dev. LLC v. Park Place Entertainment Corp.</u>, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)( non-party Native American tribe had standing to move to quash a subpoena served on a non-party bank). Here, Ms. George would certainly be affected by the two subpoenas served on her banks given that her private and confidential information was being sought through the subpoenas. Further, Defendants cannot make a showing that Ms. George would not be affected by the production of her personal financial information. Therefore, given the affect of the production of her private financial documents, and her legitimate privacy interest in the information sought, Ms. George has standing to move to quash the non-party subpoenas issued to obtain her financial records.

B. <u>Defendants Cannot Show Relevance Of The Extensive Discovery Sought By The Subpoenas</u>

Non-party Joan George's personal financial records are neither relevant to Plaintiff's claims nor Defendants' defenses, nor likely to lead to relevant evidence. Nor has Defendant made any showing that Plaintiff transferred any earned income to Ms. George. Therefore, Ms. George adopts the argument made in Point II (B) as it refers to her records.

Moreover, as is evident from the overly broad boilerplate language in all of the subpoenas, Defendants' fishing expedition will require the disclosure of confidential and personal identifying information. Therefore, the subpoenas must be quashed. Fed.R.Civ.P. 45(c)(3)(B)(1).

C. The Subpoenas Impose A Burden On Non-Party Ms. George

Even if, for some obscure reason, it should be determined that Defendants' subpoenas for Ms. George's financial records are relevant to a claim or defense in this litigation, the Court must still weigh Defendants' right or need for the discovery against the burden that will be imposed upon this non-party. Warnke v. CVS Corp., 265 F.R.D. 64, (ED NY Feb. 24, 2010)

Here, Defendants can provide no case law to support their entitlement to non-party George's personal financial records on the whim that Defendants may find a deposit made by Plaintiff into Ms. George's accounts, especially since Defendants already obtained Plaintiff's earned income information directly from Plaintiff. Moreover, even if Defendants were to obtain Ms. George's deposit records, Defendants cannot explain how they intend to turn that information into evidence admissible at trial to show Plaintiff was hiding earned income without further discovery, which is now closed.

Defendants are asking this Court for what is essentially additional discovery even though discovery is closed, and to permit a fishing expedition into Plaintiff's and Ms. George's personal finances to see if Plaintiff's responses were truthful. However, there has not been one shred of evidence to support Defendants' attempted wild fishing expedition into Ms. George's accounts for the search of Plaintiff's possible earned income. Quite to the contrary, Ms. George, who Defendants chose not to depose, has specifically stated in her Affidavit submitted in support of this motion that no such deposits from Plaintiff took place, and Defendants do not have any basis to dispute Ms. George's sworn word.

It is undisputed that Defendants had and used other sources during discovery for obtaining evidence of Plaintiff's earned income. Moreover, compliance with the requests would undermine important privacy interests, including maintaining the privacy rights of bank clientele and the confidentiality of those records. Therefore, the probative value clearly does not outweigh the burden if Ms. George's private records are disclosed.

Accordingly, since Defendants' subpoenas require disclosure of non-part Joan George's otherwise protected material in which she has a proprietary interest and a personal right, and where there has been no applicable exception or waiver, the subpoenas must be quashed or modified. Fed.R.Civ.P. 45(c)(3)(A)(iii).

## POINT IV

### If Not Quashed, All Of The Subpoenas Should Be Modified

Even if the discovery sought in each of Defendants overly broad subpoenas were relevant, which movants dispute, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). Moreover, "If the Court finds that undue hardships outweigh necessity, it may quash the subpoena altogether or enforce it on limited terms or other conditions." In re Fosamax Products Liability Litig., No. 06 Civ. 1789, 2009 WL 2395899, at *2 (S.D.N.Y. Aug. 4, 2009)

As set forth at length in Points I, II and III, Defendants' subpoenas are overly broad and encompass purely irrelevant information. Furthermore, as set forth in Point III, the disclosure of information in these subpoenas would violate the privacy rights of a non-party to this litigation. Movants contend these are more than sufficient grounds to quash the subpoenas in their entirety.

Should the Court, however, determine that despite the hardships disclosure would cause to the movants, the lack of necessity shown by the Defendants for the information sought, and the fact

that Defendants could have obtained and did obtain the relevant information sought from less intrusive sources during the discovery phase of this action before going on this baseless fishing expedition, the subpoenas should be modified: (1) to eliminate production of irrelevant information; (2) to be limited in scope to information concerning mitigation; (3) to be limited in time from September 2008 through March 2010; (4) to eliminate production of all documents that infringe on Ms. George's privacy rights; and (5) to redact any personal or identifying information contained on a produced document.

Accordingly, movants contend justice requires the Court to make an order to protect both a party and a non-party from the annoyance, embarrassment, oppression, undue burden and violation of privacy rights as specified herein of Defendants' baseless overly broad and irrelevant subpoenas.

## CONCLUSION

In consideration of the foregoing, Plaintiff and Ms. Joan George respectfully request that their motion be granted in its entirety and that Defendants' subpoenas be quashed, or, in the alternative, that the subpoenas be modified to only permit disclosure of relevant and non-private or confidential information, and for such other and further relief that this Court deems just and proper.

Dated: New Rochelle, New York
       November 5, 2010

                    Yours, etc.
                    Law Office of
                    **GOODSTEIN & ASSOCIATES**

                    By: Paula Johnson Kelly (PJK 8889)
                    *Attorneys for Plaintiff*
                    *& Ms. Joan George for the motion*
                    270 North Avenue, Suite 410
                    New Rochelle, New York 10801
                    (914) 632-8382