**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
EUGENE LOWE

                        Plaintiff,         **ECF CASE**

      -against-                  Docket No.: 09 Civ. 7766 (SCR)

CUSA, LLC d/b/a THE DOUBLETREE
HOTEL & SUITES, TARRYTOWN and
RICH FRIEDMAN, as General Manager
of Doubletree Hotel,

                       Defendants

-------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO
## QUASH SUBPOENAS DUCES TECUM AND FOR PROTECTIVE ORDER

Respectfully submitted,

FERGUSON, SCHETELICH & BALLEW, P.A.
Craig F. Ballew
Michael K. Hourigan
100 South Charles Street, Suite 1401
Baltimore, MD  21201
(410) 837-2200
*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………......ii

PRELIMINARY STATEMENT……………………………………………………1

PROCEDURAL BACKGROUND……………………………………………………2

APPLICABLE LAW…………………………………………………………………...2

ARGUMENT…………………………………………………………………………...4

      I.      The Employment Subpoenas Should Not Be Quashed……………………4

            A.      Plaintiff Did Not Comply With
Fed.R.Civ. P. 26(c) or Local Rule 37.2…………………………...5

            B.      The Employment Subpoenas Seek
Relevant and Nonprivileged Information…………………………7

      II.     The Lowe Financial Subpoenas Seek Relevant and
Nonprivileged Information and Should Not be Quashed………………11

      III.    The George Financial Subpoenas Seek Relevant and
Nonprivileged Information and Should Not be Quashed……………......15

CONCLUSION…………………………………………………………………......18

CERTIFICATE OF SERVICE……………………………………………......18

# TABLE OF AUTHORITIES

**Local Rules**

Local Civil Rule 37.2……………………………………………………………………4-7

**Federal Rules**

Fed.R.Civ.P. 26……………………………………………………………....…passim

Fed.R.Civ.P. 45…………………………………………………………………..passim

**Federal Cases**

*A.I.A. Holdings S.A. v. Lehman Bros.*,
  No. 97 Civ. 4978, 2000 WL 763848 (S.D.N.Y. June 12, 2000)………………………….3

*Alliance Industries, Inc. v. Longyear Holding, Inc.*,
  No. 08 Civ. 490S, 2010 WL 4323071 (W.D.N.Y. March 19, 2010)…………………….6

*Bey v. City of New York*,
  No. 99 Civ. 3873 (LMM)(RLE), 2007 WL 1771557 (S.D.N.Y. June 18,  2007)………...6

*Condit v. Dunne*,
  225 F.R.D. 100, 105 (S.D.N.Y. Dec. 8, 2004)……………………………………………2-3

*Hawkins v. Legal Service Care*,
  163 F.3d 684 (2nd Cir. 1998)………………………………………………………………8

*Innomed Labs, LLC v. Alza Corporation*,
  211 F.R.D. 237 (S.D.N.Y. Nov. 14, 2002)……………………………………………..7

*In the Matter of the Application of Olga Sumar*,
  123 F.R.D. 467 (S.D.N.Y. Dec. 30, 1988)……………………………………………17

*JPMorgan Chase Bank v. IDW Group, LLC*,
  No. 08 Civ. 9116 (PGG), 2009 WL 1422743 (S.D.N.Y. May 20, 2009)…………………3

*Kingsway Financial Services, Inc. v. PriceWaterhouse-Coopers LLP*,
  No. 03 Civ. 5560 (RMB)(HBP), 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008)…………..4

*Melendez v. Greiner*,
  No. 01 Civ. 7888 (SAS) (DF), 2003 WL 22434101, (S.D.N.Y. Oct. 23, 2003)………......3

*Nova Biomedical Corporation v. i-Stat Corporation*,
  182 F.R.D. 419, 422 (S.D.N.Y. Sept. 17, 1998)………………………………………..7

*Tow Int'l, Inc. v. Pontin*,
246 F.R.D. 421, 424 (E.D.N.Y. 2007)…………………………………………………….4

## PRELIMINARY STATEMENT

Defendants CUSA, LLC and Rich Friedman, by their attorneys Craig F. Ballew, Michael K. Hourigan, and FERGUSON, SCHETELICH & BALLEW, P.A., and Anthony J. Mavronicolas, Gregori D. Mavronicolas, and LAW OFFICE OF ANTHONY J. MAVRONICOLAS, file this Memorandum of Law in Opposition to the Motion to Quash Subpoenas Duces Tecum and for a Protective Order of Plaintiff Eugene Lowe and Ms. Joan George, and state as follows:

## PROCEDURAL BACKGROUND

Defendants, pursuant to Fed.R.Civ.P. 45, have issued and served nine (9) Subpoenas on non-parties to this case.  Three (3) of the Subpoenas were issued to Securitas Security Services USA, Inc. ("Securitas"), Aramark Food and Support Services Group, Inc. ("Aramark Food"), and Aramark Correctional Services, LLC ("Aramark Correctional"), each of which were previous employers of Plaintiff.  Each of these Subpoenas (hereinafter sometimes collectively referred to as the "Employment Subpoenas"), copies of which are attached hereto and collectively labeled Exhibit 1, sought information related to Plaintiff's employment.

Four (4) of the Subpoenas were issued to Key Bank (f/k/a Union State Bank), TD Bank (f/k/a Commerce Bank), Chase Bank, and Westchester Federal Credit Union, each of which are financial institutions with which Plaintiff maintains or maintained accounts, as Plaintiff testified at his deposition.  Each of these Subpoenas (hereinafter sometimes collectively referred to as the "Lowe Financial Subpoenas"), copies of which are attached hereto and collectively labeled Exhibit 2, sought information related to accounts Plaintiff maintains or maintained at these financial institutions.

Two (2) of the Subpoenas were issued to Key Bank (f/k/a Union State Bank) and TD Bank (f/k/a Commerce Bank), each of which are financial institutions with which Joan George, Plaintiff's girlfriend with whom Plaintiff lives, maintained joint account with Plaintiff, as Plaintiff testified at his deposition.   Each of these Subpoenas (hereinafter sometimes collectively referred to as the "George Financial Subpoenas"), copies of which are attached hereto and collectively labeled Exhibit 3, sought information related to accounts Ms. George maintains or maintained at the financial institutions.

Plaintiff and Ms. George have now filed a Motion to Quash Defendants' Subpoenas Duces Tecum and for a Protective Order, contending that the documentation requested in the Subpoenas is irrelevant and infringes on the privacy rights of Ms. George.   The contention of Plaintiff and Ms. George in this regard is incorrect, and the Subpoenas should not be quashed or modified under Fed.R.Civ.P. 45(c)(3).   Moreover, neither Plaintiff nor Ms. George are entitled to a protective order under Fed.R.Civ.P. 26(c).

## APPLICABLE LAW

The effort of Plaintiff and Ms. George to quash the Subpoenas and/or to obtain a protective order is based on Fed.R.Civ.P. 26 and Fed.R.Civ.P. 45.   Pursuant to Fed.R.Civ.P. 26(b)(1), parties to litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."   Relevance is not defined by the Rule, but Courts have found that "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept."

2

*Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. Dec. 8, 2004).  Furthermore, "[o]nce 'any possibility' of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper."  *Id*. at 105-06 (*quoting A.I.A. Holdings S.A. v. Lehman Bros.*, No. 97 Civ. 4978, 2000 WL 763848, at *3 (S.D.N.Y. June 12, 2000).

The scope of discovery is limited by Fed.R.Civ.P. 26(b)(2)(C), which requires a court to limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Typically, "limitations on discovery are imposed only where the requested discovery is 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege.'"  *JPMorgan Chase Bank v. IDW Group, LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 1422743, at *1 (S.D.N.Y. May 20, 2009) (*quoting Melendez v. Greiner*, No. 01 Civ. 7888 (SAS) (DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).

Fed.R.Civ.P. 26(c)(1) allows "[a] party or any person from whom discovery is sought" to move for a protective order.  A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  In response to a

motion for a protective order, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

A Subpoena issued under Fed.R.Civ.P. 45 commands the person to whom it is issued to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control; or permit the inspection of premises." *See* Fed.R.Civ.P. 45(a)(1)(A)(iii). Pursuant to Fed.R.Civ.P. 45(c)(3)(A), a court must quash or modify a subpoena if it, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or if it "subjects a person to undue burden." *See* Fed.R.Civ.P. 45(c)(3)(A)(iii)(iv). In a motion to quash a subpoena, the burden of persuasion is borne by the movant. *See Kingsway Financial Services, Inc. v. PriceWaterhouse-Coopers LLP*, No. 03 Civ. 5560 (RMB)(HBP), 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) (*quoting Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007).

## ARGUMENT

### I. The Employment Subpoenas Should Not be Quashed

The Employment Subpoenas (attached hereto and collectively labeled Exhibit 1) compel the production of documents that are nonprivileged and relevant to Plaintiff's claim, and are thus discoverable pursuant to the requirements of Fed.R.Civ.P. 26(b)(1). The Subpoenas do not subject Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense. Moreover, Plaintiff never, prior to the filing of his Motion, objected to the issuance and service of the Employment Subpoenas, and thus failed to comply with the provisions of Local Rule 37.2. Accordingly, Plaintiff's Motion should

4

be denied, and Securitas, Aramark Food, and Aramark Correctional should be compelled to produce the documents described in the Employment Subpoenas.

### A. Plaintiff Did Not Comply with Fed.R.Civ.P. 26(c) or Local Rule 37.2

The Employment Subpoenas were issued and served on September 29, 2010. (See Exhibit 1).  Nevertheless, Plaintiff did not seek to quash the Subpoenas, to seek a protective order with respect to the documentation requested by the Subpoenas, or to otherwise object to the Subpoenas in any manner until the filing of his Motion on November 8, 2010.

Fed.R.Civ.P. 26(c)(1) states that a motion seeking a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Local Civil Rule 37.2 states that "[n]o motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the court and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference."   Fed.R.Civ.P. 45(c)(3)(A) states that a motion to quash or modify a subpoena must be timely.

Following the issuance and service of the Employment Subpoenas, there was no correspondence or communication whatsoever from Plaintiff raising a dispute regarding the Employment Subpoenas.  Plaintiff's counsel wrote to the undersigned counsel on October 21, 2010 (a copy of which is attached hereto as Exhibit 4) raising objections to the Lowe Financial Subpoenas and the George Financial Subpoenas.  There was no mention in Plaintiff's counsel's October 21, 2010 letter of the Employment Subpoenas.

5

Plaintiff's counsel wrote a letter to The Honorable George A. Yanthis on October 27, 2010 (a copy of which is attached hereto as Exhibit 5) requesting, pursuant to Local Civil Rule 37.2, an informal conference with the Court regarding the parties' dispute over the Lowe Financial Subpoenas and the George Financial Subpoenas.  There was no reference in the aforesaid letter to the Employment Subpoenas.

Plaintiff's counsel's request for an informal conference was granted, and the conference was heard by telephone with Judge Yanthis on October 28, 2010.  There was no discussion during the conference of the Employment Subpoenas, nor was there any reference to the Employment Subpoenas in Plaintiff's counsel's letter to Judge Yanthis of October 28, 2010, a copy of which is attached hereto as Exhibit 6, confirming the agreed upon schedule for filing Plaintiff's Motion, Defendants' Opposition, and Plaintiff's Reply.

In sum, prior to the filing of the Motion, there was no objection whatsoever by Plaintiff to the Employment Subpoenas, much less any good faith effort to resolve any dispute with respect to the Employment Subpoenas.  Plaintiff, therefore, did not comply with Fed.R.Civ.P. 26(c)(1) and Local Civil Rule 37.2.  *See Alliance Industries, Inc. v. Longyear Holding, Inc.*, No. 08 Civ. 490S, 2010 WL 4323071 (W.D.N.Y. March 19, 2010) ("Prior to obtaining a protective order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention."); *see also Bey v. City of New York*, No. 99 Civ. 3873 (LMM)(RLE), 2007 WL 1771557 (S.D.N.Y. June 18,  2007) ("By failing to adhere to [Local Civil Rule 37.2], defendants denied plaintiffs' proper notice of their objection to the depositions, and denied the Court the opportunity to intervene prior to the

unnecessary expending of plaintiffs' time and resources."). Moreover, Plaintiff's effort to quash the Employment Subpoenas, filed forty (40) days after the service of the Employment Subpoenas and after the return date specified for compliance in the Employment Subpoenas, was not timely. *See Nova Biomedical Corporation v. i-Stat Corporation*, 182 F.R.D. 419, 422 (S.D.N.Y. Sept. 17, 1998) ("[S]ervice anytime before the subpoenas' return date should be considered timely."); *see also Innomed Labs, LLC v. Alza Corporation*, 211 F.R.D. 237, 240 (S.D.N.Y. Nov. 14, 2002) (holding that a motion to quash should be brought before the noticed date of the scheduled deposition) (S.D.N.Y. Nov. 14 2002). Accordingly, Plaintiff's Motion with respect to the Employment Subpoenas should not be heard.

**B. The Employment Subpoenas Seek Relevant and Nonprivileged Information**

The documentation sought by the Employment Subpoenas is relevant and nonprivileged. Therefore, even if the Court determines to hear Plaintiff's Motion, Plaintiff's Motion should be denied.

In Plaintiff's Complaint, he contends that he is entitled to an award of lost back pay with prejudgment interest as a result of the alleged discriminatory conduct of Defendants. (*See* Complaint and Jury Demand, Prayer for Relief, ¶ B). In the course of discovery, Plaintiff has stated that, following his resignation from The Doubletree Hotel in September 2008, he was employed for a short period of time in 2009 by Aramark Food and has been employed since March 31, 2010 as a garage attendant by Holiday Inn in Stamford, Connecticut. *See* Plaintiff's Supplemental/Amended Response to Defendant CUSA's First Set of Interrogatories, Answer to Interrogatory #17, attached hereto as Exhibit 7. In defending Plaintiff's claim, and in particular investigating whether Plaintiff

has properly mitigated his damages, including and especially his claim for back wages, Defendants are obligated to pursue discovery regarding Plaintiff's employment, the compensation he received in connection with his employment, the circumstances of his employment and his severance therefrom.  *See Hawkins v. Legal Service Care*, 163 F.3d 684, 695 (2nd Cir. 1998) (stating that an employee discharged allegedly in violation of Title VII has an obligation to mitigate damages by using reasonable diligence in finding other suitable employment).  The Employment Subpoenas simply seek this information.

The documentation sought by the Employment Subpoenas is described as follows:

The complete personnel file of Eugene Lowe, including documents showing (a) dates of employment; (b) positions held; (c) promotions, demotions or transfers given; (d) salaries received, including payroll records showing Mr. Lowe's weekly salaries; (e) any disciplinary action taken; (f) performance evaluations, whether formal or informal; (g) attendance records; and (h) severance of employment and reasons therefore.

(See Exhibit 1).  In his Motion, Plaintiff appears to concede that at least some of the documentation requested by the Employment Subpoenas is relevant.  With respect to Securitas, Plaintiff states that "the only relevant information from this <u>prior</u> employee would be (1) the date Plaintiff's employment ended, (2) the reason the employment ended, and (3) Plaintiff's salary at that time."  *See* Plaintiff's Memorandum of Law, p. 4-5.  This admittedly relevant documentation encompasses several of the items described in the Subpoena.  The other items described in the Subpoena are similarly relevant and should be produced.

Plaintiff was employed by Securitas, which supplied security to Westchester Community College, during the period that he was employed at The Doubletree Hotel. *See* Examination Before Trial of Plaintiff, attached hereto as Exhibit 8, p. 10-11.  Plaintiff

worked the 6:00 a.m. to 2:00 p.m. shift with Securitas and the 4:00 p.m. to 12:00 a.m. shift at The Doubletree Hotel.  *Id*. Plaintiff testified at his deposition that, prior to his resignation from The Doubletree Hotel, he resigned his employment with Securitas.  *Id*. at 65.  Plaintiff further testified that he advised Securitas that he was "going over to [his] other job, going more of a permanent basis" (*Id*. at 66) and that he recalls advising Securitas that he was "going over to the Doubletree, my other job, more of a steady, permanent basis." *Id*. at 68.[1]

In Plaintiff's Supplemental/Amended Response to Defendant CUSA's First Set of Interrogatories, he includes his compensation with Securitas, which equaled $27,000 per year, in his calculations of his lost wages claim.  *See* Exhibit 7, Answer to Interrogatory #4.  In light of that fact, it is incumbent upon Defendants to pursue information relating to Plaintiff's employment with Securitas.  This would include any information that may shed additional light on the reasons for Plaintiff's departure from Securitas and whether Plaintiff's statements in this regard are accurate.  The documentation requested in the Subpoena is all reasonably related to this issue, with the possible exception of the request for documentation related to salaries received.  This item is certainly relevant if Plaintiff is including his compensation with Securitas in his calculation of his lost wages claim.[2]

---

[1] In his Motion, Plaintiff states that he left his position at Securitas because of the shift in his hours by Defendants and before he became aware of his demotion by Defendants. *See* Plaintiff's Memorandum of Law, p. 4.  This is not clearly established by Plaintiff's deposition testimony or his Answers to Interrogatories.  However, if that is Plaintiff's position, it only furthers Defendants' need for the documentation described in the Subpoena to Securitas to verify Plaintiff's statement in this regard.

[2] In addition to the foregoing, Plaintiff testified at his deposition about an occasion during his employment at Securitas in which he perceived that he had not been awarded a position due to his race.  *See* Exhibit 8, p. 115-19.  In light of the fact that Plaintiff is now contending that he was discriminated against on the basis of his race, the documentation

With respect to the Subpoenas issued to Aramark Food and Aramark Correctional (hereinafter sometimes collectively referred to as "Aramark"), Plaintiff states that "the only relevant information from this post-employer would be for mitigation purposes: (1) the dates of Plaintiff's employment and (2) the reason that employment ended."  *See* Plaintiff's Memorandum of Law, p. 5.  At his deposition, Plaintiff testified that he was employed at Aramark, which operates the commissary at the Westchester County Jail, for a month, after which time he was terminated due to budget cuts.  *See* Exhibit 8, p. 205. According to Plaintiff, this was his only employment between his resignation from The Doubletree Hotel in September 2008 through March 31, 2010, when he became employed as a garage attendant at the Holiday Inn in Stamford, Connecticut.  *See* Exhibit 7, Answer to Interrogatory #17.

As with Securitas, it is incumbent upon Defendants to pursue information relating to Plaintiff's employment with Aramark, including information related to his departure and whether Plaintiff's statement that his departure was related to "budget cuts" is accurate, or were there other reasons for his departure.  Plaintiff's lost wages claim and his efforts to mitigate his damages are necessarily impacted by the issues associated with his employment with Aramark, and the documentation requested by the Subpoena is reasonably related to this issue.

Based on the foregoing, the documentation sought by the Employment Subpoenas are well within the scope of discovery outlined in Fed.R.Civ.P. 26(b)(1).  The documentation is not unreasonably cumulative or duplicative and cannot be obtained from any other source that is more convenient, less burdensome, or less expensive.

---

requested from Securitas may also be relevant to Plaintiff's perceptions of racial discrimination.

Indeed, there is no burden or expense to Plaintiff associated with the Employment Subpoenas, as Plaintiff is not the party compelled by the Subpoena. Finally, Plaintiff has not identified any privilege associated with the documentation that would compel the Court to quash or modify the Subpoenas in accordance with Fed.R.Civ.P. 45(c)(3)(A)(iii). Plaintiff's Motion with respect to the Employment Subpoenas should, therefore, be denied.

## II. The Lowe Financial Subpoenas Seek Relevant and Nonprivileged Information and Should Not be Quashed

Defendants issued four (4) Subpoenas to Key Bank (f/k/a Union State Bank), TD Bank (f/k/a Commerce Bank), Chase Bank, and Westchester Federal Credit Union (*see* Exhibit 2), seeking information related to accounts Plaintiff maintains or maintained at these financial institutions. At his deposition, Plaintiff testified that he has maintained either individual accounts or joint accounts with Ms. George with these financial institutions at different times during and after his employment at The Doubletree Hotel. *See* Exhibit 8, p. 40-47.

During the course of discovery, Plaintiff has stated that his only employment income between his resignation from The Doubletree Hotel in September 2008 and the present is a brief period of employment at Aramark in 2009 and his current employment as a garage attendant at the Holiday Inn in Stamford, Connecticut commencing in March 2010. *See* Exhibit 7, Answer to Interrogatory #17. Plaintiff has also submitted an Affidavit to support his Motion in which he essentially reasserts the same information. *See* Affidavit of Eugene Lowe, attached as Exhibit 1 to Plaintiff's Memorandum of Law.

With due respect to Plaintiff, Defendants are not required to accept his testimony with respect to his lack of income. A substantial portion of Plaintiff's claim against

Defendants is his claim for lost wages resulting from the alleged discriminatory conduct of Defendants.  He claims that, for much of the period following his resignation from The Doubletree Hotel in September 2008, he had virtually no income.  This is certainly a viable contention, but it is utterly reasonable for Defendants to seek additional discovery to determine if Plaintiff had other income that he deposited into accounts with the financial institutions he identified during the course of his deposition.  Indeed, it would be irresponsible for Defendants not to seek some verification of Plaintiff's testimony in light of the size of his claim.

The Lowe Financial Subpoenas compelled the production of the following documentation:

> Any and all records related to an account maintained by Eugene Lowe from August 2008 to the present, including documents constituting or relating to the following: cancelled checks, deposit orders; deposit tickets; withdrawal tickets; money orders; wire transfers; account statements, records, and ledgers; documents relating to the opening and closing of an account; and other financial records pertaining to same.

(See Exhibit 2).  Essentially, the Lowe Financial Subpoenas request any documentation showing amounts coming in or out of the accounts Plaintiff maintained with any of the financial institutions.  This documentation is clearly relevant in demonstrating what additional income Plaintiff may have had during the relevant period covering his lost wages claim.

Plaintiff contends that the Subpoenas are not limited in time because they seek documentation to the present, even though he has been employed since March 31, 2010.  *See* Plaintiff's Memorandum of Law, p. 9.  This is not correct.  In fact, although Plaintiff has been employed since March 31, 2010, according to his discovery responses his lost wage claim continues because he is earning less in his current employment than he was

earning when employed at The Doubletree Hotel and with Securitas.  *See* Exhibit 7, Answer to Interrogatory #4; *see also* Letter from Paula Johnson Kelly to Craig F. Ballew dated November 9, 2010, attached hereto as Exhibit 9, ¶ 4.  Accordingly, there is no reason to limit the time of the documentation requested by the Lowe Financial Subpoenas to March 2010.

Plaintiff also contends that the documentation requested by the Subpoenas can be or has been obtained from other less invasive sources.  *See* Plaintiff's Memorandum of Law, p. 6.    Plaintiff is correct in that he has already provided Defendants with information and documentation related to his income during the period following his resignation from The Doubletree Hotel.  Again, however, Defendants are not required to rely on the information and documentation provided by Plaintiff, and are within their rights to seek to verify this information from other sources.  Plaintiff has not suggested what other less invasive sources there are to verify this information, and Defendants submit that there are no other less invasive sources to obtain the requested relevant information.

Plaintiff states that it is not clear how Defendants hope to reduce any documentation received pursuant to the Subpoenas to a form admissible at trial.  *See* Plaintiff's Memorandum of Law, p. 9.  The admissibility of any documents received by Defendants is an issue that will be dealt with at the trial of this case.  The ultimate admissibility of evidence should not impact a determination of whether the documents are discoverable and whether the Lowe Financial Subpoenas should be quashed or a protective order granted.  *See* Fed.R.Civ.P. 26(b)(1) ("Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Plaintiff also argues that, even if the documents sought by the Subpoenas are deemed to be relevant, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). *See* Plaintiff's Memorandum of Law, p. 10. Plaintiff does not identify what burden would be placed on him by the financial institutions complying with the Lowe Financial Subpoenas. Plaintiff is not being asked to respond to the Subpoena—the parties subject to the Lowe Financial Subpoenas are the financial institutions, not Plaintiff. To the extent Plaintiff is concerned about the documents produced in response to the Lowe Financial Subpoenas being made publicly available, Defendants have offered to execute any reasonable confidentiality agreement restricting the use of the documents to the litigation. *See* Letter from Michael K. Hourigan to Paula Johnson Kelly dated October 26, 2010, attached hereto as Exhibit 10.

Plaintiff filed this claim against Defendants, and is seeking extensive damages, including lost wages claim in excess of $100,000. It is not appropriate for Plaintiff to seek to limit Defendants' access to documentation that may verify or contradict his claims. The documentation sought by the Lowe Financial Subpoenas is relevant, and Plaintiff has not identified any privilege against disclosure of the aforesaid documentation. For all of the foregoing reasons, Plaintiff has not satisfied his burden of demonstrating that the Lowe Financial Subpoenas should be quashed, and his Motion with respect to the Lowe Financial Subpoenas should be denied.

### III. The George Financial Subpoenas Seek Relevant and
### Nonprivileged Information and Should Not be Quashed

Defendants issued and served two (2) Subpoenas on Key Bank (f/k/a Union State Bank) and TD Bank (f/k/a Commerce Bank) (see Exhibit 3), seeking information related to accounts Ms. George maintains or maintained at these financial institutions.[3]  At his deposition, Plaintiff testified that he lived with Ms. George during his employment at The Doubletree Hotel and continuously since then.  *See* Exhibit 8, p. 35-36.  Plaintiff further testified that he and Ms. George had maintained a joint account with Union State Bank and that Ms. George maintains an account with Commerce Bank (n/k/a TD Bank).  *See id.* at 40, 47.

The George Financial Subpoenas request the same information as the Lowe Financial Subpoenas.  Specifically, the George Financial Subpoenas request the following documentation:

> Any and all records related to an account maintained by Joan George from August 2008 to the present, including documents constituting or relating to the following: cancelled checks, deposit orders; deposit tickets; withdrawal tickets; money orders; wire transfers; account statements, records, and ledgers; documents relating to the opening and closing of an account; and other financial records pertaining to same.

(See Exhibit 3).  Again, as with the Lowe Financial Subpoenas, the George Financial Subpoenas request any documentation showing amounts coming in or out of the accounts

---

[3] The Motion of Plaintiff and Ms. George states that "Defendants never noticed non-party Ms. Joan George that Defendants were attempting to breach her privacy and obtain her personal financial records."  *See* Plaintiff's Memorandum of Law, p. 6.  Prior to serving the Subpoenas, Defendants served a notice of the Subpoena on Plaintiff's counsel, as required by Fed.R.Civ.P. 45(b)(1).  Plaintiff's counsel responded promptly on behalf of Ms. George.  Accordingly, it is unclear what relevance this statement has to Defendants' entitlement to the documents described in the Subpoenas.

Ms. George maintained with any of the financial institutions.[4]   The purpose of the George Financial Subpoenas is to confirm whether Plaintiff transferred any income he received during the relevant period into accounts he either held jointly with Ms. George or that Ms. George held in an individual capacity.  In light of the fact that Plaintiff at least at one time had maintained a joint account with Ms. George, and has lived with Ms. George for an extended period of time, it is not unreasonable to conclude that, if Plaintiff had any income that he did not report during this period, it may have been deposited into accounts held by Ms. George.   Again, Defendants are not required to accept the testimony of Plaintiff and Ms. George that no such deposits of income took place.

Plaintiff, throughout his Memorandum of Law, refers to the Lowe Financial Subpoenas and the George Financial Subpoenas as a "fishing expedition."  Respectfully, the Subpoenas do not represent a fishing expedition.  Plaintiff and Ms. George have had a close relationship during the entire relevant period of this litigation and, at least at one time, maintained a joint account.   It is entirely possible that a review of the documentation requested by the George Financial Subpoenas will yield information that may demonstrate a limitation to Plaintiff's claim.

Fed.R.Civ.P. 45(c)(3)(A)(iii) states that a Court must quash or modify a Subpoena if it requires disclosure of "privileged or other protected matter."   However, in the

---

[4] The Motion of Plaintiff and Ms. George notes that Ms. George was identified as a witness with pertinent knowledge on July 8, 2010 and Defendants chose not to depose Ms. George.  *See* Plaintiff's Memorandum of Law, p. 4.  However, Plaintiff's Answers to Interrogatories identified Ms. George as a witness having knowledge of Plaintiff's alleged emotional distress, not as someone who may have maintained a joint account with him.  *See*   Exhibit 7, Answer to Interrogatory #24.  Moreover, even if Ms. George had testified at deposition that Plaintiff had not deposited any income into her accounts, as she has now stated in the Affidavit attached as Exhibit 2 to Plaintiff's Memorandum of Law, Defendants would still have been entitled to seek documentation from the financial institutions to verify this information.

Motion, Ms. George has not identified any privilege or protection against the disclosure of the documents described in the George Financial Subpoenas.  *See In the Matter of the Application of Olga Sumar*, 123 F.R.D. 467, 473 (S.D.N.Y. Dec. 30, 1988) ("It is undisputed that financial records of a non-party are not privileged.").

As with the Lowe Financial Subpoenas, Plaintiff and Ms. George argue that, even if the documents sought by the Subpoenas are deemed to be relevant, the Court must weight Defendants' right or need for the discovery against the burden that will be imposed on Ms. George, a non-party.  *See* Plaintiff's Memorandum of Law, p. 12. Again, the burden placed on Ms. George by the Subpoenas is minimal, because it is the financial institutions, not Ms. George, who must respond to the Subpoenas.  That being said, however, in order to address Ms. George's concerns regarding the privacy of the documentation produced in connection with the Subpoena, Defendants have offered, and hereby renew their offer, to execute any reasonable confidentiality agreement restricting the use of the documents to the litigation.

Plaintiff's Complaint seeks substantial damages against Defendants, including a lost wages claim in excess of $100,000.  Defendants should not be prevented from obtaining relevant documentation that may demonstrate a limitation to Plaintiff's damages.  Accordingly, Plaintiff's Motion should be denied as it relates to the George Financial Subpoenas.[5]

---

[5] Ms. George does not have standing to seek a protective order under Fed.R.Civ.P. 26(c), which allows "[a] party or any person from whom discovery is sought" to move for a protective order.  Ms. George is not a party to this litigation, and the George Financial Subpoenas seek discovery from the financial institutions identified therein, not from Ms. George.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Motion to Quash Subpoenas Duces Tecum and for a Protective Order of Plaintiff and Ms. Joan George be denied, and that the persons subject to the Subpoenas referred to herein be compelled to immediately produce the documents described in the Subpoenas.

FERGUSON, SCHETELICH & BALLEW, P.A.

By: _____/s/_____

Craig F. Ballew
Michael K. Hourigan
100 South Charles Street, Suite 1401
Baltimore, MD 21201
(410) 837-2200
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2010, a copy of the foregoing Memorandum of Law in Opposition to the Motion to Quash Subpoenas Duces Tecum and for a Protective Order of Plaintiff Eugene Lowe and Ms. Joan George was mailed first class, postage prepaid, or sent by the Court electronic filing system, as appropriate, to:

Paula Johnson Kelly, Esquire
Robert David Goodstein & Associates
270 North Avenue, Suite 410
New Rochelle, NY 10801
*Attorneys for Plaintiff*

_____/s/_____

Michael K. Hourigan

18